UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW WRIGHT,

                  Plaintiff,

    v.

STATE OF WASHINGTON, *et al.*,

                  Defendants.

Case No. C25-416-JNW-MLP

ORDER

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Matthew Wright, proceeding through counsel, is a state prisoner currently confined at Airway Heights Corrections Center. Before the Court is Plaintiff's Motion for Leave to Serve Additional Interrogatories. (Dkt. # 39.) Plaintiff requests leave to serve twenty-five (25) additional interrogatories. (*Id.* at 5-7.) He contends that additional interrogatories are necessary to identify decision-makers, clarify chains of approval, and require Defendants to articulate the factual bases for their positions regarding his transfer from the Monroe Corrections Center and his permanent exclusion from returning there. (*Id.*)

Defendants Lawrence Alexander Costa, Christine Gomes, Jason Martin, Ryan Quirk, Jarda Roman, Eric Simpson, Carol Smith, the State of Washington, and the Washington State

ORDER - 1

Department of Corrections oppose the motion. (Dkt. # 41.) They argue that they have already responded to substantial written discovery (25 interrogatories, 81 requests for production, and 39 requests for admission) and have produced over 1,300 pages of documents and more than 900 emails. (*Id.* at 2-4.) They further assert that Plaintiff's broad discovery requests have imposed significant burdens, including extensive searches that yield large volumes of often irrelevant records containing sensitive third-party information that must be reviewed and redacted. (*Id.*)

In reply, Plaintiff maintains that, despite the volume of production, Defendants' responses do not answer the central questions of who made the challenged decisions, how those decisions were reached, and why Plaintiff was permanently barred from returning to Monroe. (Dkt. # 43 at 3-7.) Plaintiff, however, does not identify any specific additional interrogatories he proposes to serve, and he does not provide a particularized explanation tied to each additional interrogatory requested. (*Id.*)

Rule 33 permits a party to serve "no more than 25 written interrogatories, including all discrete subparts," unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 33(a)(1). Under Rule 26, a court "must limit the frequency or extent of discovery" where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C). The numerical limit on interrogatories reflects the recognition that, although interrogatories are a valuable discovery tool, "the device can be costly and may be used as a means of harassment," and the purpose of the limit "is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this type of discovery device." Fed. R. Civ. P. 33, advisory committee notes to 1993 amendments; *see also McGraw v. Dematic Corp.*, 2008 WL 819348, at *1 (W.D. Wash. Mar. 26, 2008).

ORDER - 2

"Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1). The party seeking leave must do more than identify broad subject areas; courts require a persuasive explanation or "particularized showing" why exceeding the limit is necessary. *See Stephenson v. Clendenin*, 2024 WL 2924687, at *1 (E.D. Cal. May 14, 2024) (requiring a particularized showing as to why additional discovery is necessary); *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, 688 F.3d 742, 748 (Fed. Cir. 2012) (upholding denial where the movant failed to justify the need for additional interrogatories); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999) (denying leave where the request was "bereft of any showing" that more interrogatories were required). Some courts have further held that the moving party should submit the proposed interrogatories so that the court can properly evaluate the necessity and proportionality of the additional discovery. *See Hardy v. Davis*, 2017 WL 445723, at *3 (E.D. Cal. Feb. 2, 2017); *Waterbury v. Scribner*, 2008 WL 2018432, at *8 (E.D. Cal. May 8, 2008).

Here, Plaintiff has not provided proposed interrogatories or a specific justification for doubling the Rule 33 limit. The Motion therefore does not satisfy the "particularized showing" described in these authorities. At the same time, the Court recognizes that this First Amendment retaliation claim centers on internal DOC decision-making—who decided to transfer Plaintiff, on what basis, and why he was barred from returning to Monroe—and that much of this information is in Defendants' exclusive possession. Given the importance of these issues and the imbalance in access to relevant information, the Court concludes a limited expansion of written discovery is appropriate.

//

//

ORDER - 3

For the foregoing reasons, the Court hereby ORDERS:

(1)     Plaintiff's Motion for Leave to Serve Additional Interrogatories (dkt. # 39) is GRANTED in part;

(2)     Plaintiff may serve up to **ten (10)** additional interrogatories, including all discrete subparts, and up to **five (5)** additional requests for production; and

(3)     The Clerk is directed to send copies of this Order to the parties and to the Honorable Jamal N. Whitehead.

Dated this 27th day of January, 2026.


MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4